UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **TROY CURTIS, TDCJ No. 1923080,** § § | |
| **Petitioner,** § § | |
| v. § | Civil No. SA-16-CA-867-DAE |
| § | |
| **LORIE DAVIS, Director,** § **Texas Department of Criminal Justice,** § **Correctional Institutions Division,** § § | |
| **Respondent.** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Troy Curtis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and accompanying Memorandum in Support (Docket Entries "DE" 1, 2), the Respondent's Answer (DE 15), and Petitioner's Traverse (DE 16) thereto. Also before the Court is Petitioner's Motion to Stay and Abate these proceedings. (DE 10).

In his petition, Curtis challenges the constitutionality of his 2011 guilty plea for aggravated robbery—for which he was placed on deferred adjudication community supervision—as well as the subsequent revocation of his deferred adjudication in 2014 for violating the terms of his probation. Specifically, Curtis contends that: (1) his plea of guilty was involuntary due to the ineffective assistance of his trial counsel; and (2) he received ineffective assistance at the revocation hearing due to counsel's failure to (a) present a meaningful defense, (b) adequately interview him to obtain the facts of the case, and (c) request a continuance in order to prepare a defense. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. <u>Background</u>

In September 2011, Curtis pleaded guilty in Bexar County to aggravated robbery and was placed on community supervision for a period of ten years following the trial court's order deferring adjudication. Curtis was later found to have violated the terms of his probation—he was arrested for criminal trespass and tampering with evidence in August 2013—and his community supervision was revoked. The trial court adjudicated guilt and Curtis was sentenced to twenty-five years imprisonment. *State v. Curtis*, No. 2009-CR-0800-A (Dist. Ct. Bexar County, 227th Judicial Dist. of Texas, Mar. 31, 2014).

On direct appeal to the Fourth Court of Appeals, Curtis challenged the sufficiency of the evidence supporting the trial court's findings that he violated the conditions of his probation. In affirming Curtis's conviction, the appeals court accurately described the arrest that lead to the revocation of Curtis's community supervision:

> Deputy Pete Gamboa was acting in his off-duty capacity as a security officer for the Springhill Apartments when he was notified by the apartment manager that Curtis was on the property without permission. Deputy Gamboa approached Curtis and asked Curtis whether he knew he was not permitted on the property. Curtis acknowledged that he did not have permission. Deputy Gamboa informed Curtis of the criminal trespass signs at the entrance, and then asked if Curtis had anything illegal on him that would poke or prick Deputy Gamboa if he conducted a pat-down. Curtis stated that "he had bought something" and was willing to show Deputy Gamboa where he purchased the drugs. Before Deputy Gamboa had an opportunity to pat-down Curtis, Curtis pulled a substance out of his right sock, pushed Deputy Gamboa back, and swallowed the substance. After Deputy Gamboa secured Curtis, Deputy Gamboa asked him to open his mouth, but Curtis had already swallowed the substance. Based on Deputy Gamboa's experience and training in the identification of narcotics, the substance had the appearance of crack cocaine. Deputy Gamboa arrested Curtis for tampering with evidence.

*Curtis v. State*, No. 04-14-236-CR, 2015 WL 672228, at *1 (Tex. App.—San Antonio, Feb. 11, 2015, no pet.) (mem. op.).

On January 4, 2016, Curtis filed his first state habeas corpus application raising the same allegations that are now being presented to this Court.  It was dismissed by the Court of Criminal Appeals for being noncompliant with Texas Rule of Appellate Procedure 73.1.  *Ex parte Curtis*, No. 84,578-01 (Tex. Crim. App. Feb. 10, 2016).  His second state habeas corpus application, filed February 19, 2016, raised the same allegations and was denied without written order on the findings of the trial court without a hearing on August 17, 2016.  *Ex parte Curtis*, No. 84,578-02 (Tex. Crim. App.).  The instant federal habeas petition was placed in the prison mail system on August 25, 2016, and file-marked on August 29, 2016.

## II.  Standards of Review

### A.     Review of State Court Adjudications

Curtis's federal petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established

federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Curtis must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

Furthermore, except for the narrow exceptions contained in § 2254(e)(2), a habeas petitioner is precluded from further factual development in federal court and must rely on the evidence presented to the state court when challenging a state court finding. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review" and this

Court's review "is limited to the record in existence at the time [of the state court decision], i.e., the record before the state court." *Id*.

**B.     Review of Sixth Amendment Claims**

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Id*. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). As the Supreme Court explained, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. For this reason, every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *Yarborough v.*

*Gentry*, 540 U.S. 1, 6 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") (citations omitted).  Accordingly, there is a strong presumption that an alleged deficiency "falls within the wide range of reasonable professional assistance."  *Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689)).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Because this showing of prejudice must be "rather appreciable," a mere allegation of prejudice or the possibility of a different outcome is not sufficient to satisfy the prejudice prong of *Strickland*.  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  As the Supreme Court explained: "[T]he question in conducting *Strickland*'s prejudice analysis is *not* whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel [had] acted differently."  *Richter*, 562 U.S. at 111 (emphasis added) (citing *Wong v. Belmontes*, 558 U.S. 15, 27 (2009)).  Rather, the "likelihood of a different result must be substantial, not just conceivable."  *Id.* at 112.

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Pinholster*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009)

(same). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards, but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

### III.  Analysis

#### A.  Curtis's Challenge to the Guilty Plea (Claim 1).

In his first allegation, Curtis argues that his 2011 plea of guilty to aggravated robbery was involuntary due to the ineffective assistance of his trial counsel, Deborah Burke. According to Curtis, Ms. Burke failed to adequately investigate his case and improperly rejected a plea offer to simple robbery without consulting him, which forced him to later enter an "unknowing" plea of guilty to aggravated robbery. For the reasons discussed below, however, Curtis is not entitled to federal habeas relief on this claim because it is barred by the statute of limitations codified in 28 U.S.C. § 2244(d)(1). Moreover, the allegation was rejected by the state court during Curtis's state habeas proceedings. Because the record does not support Curtis's claim that his guilty plea was involuntary, and he fails to demonstrate counsel's performance was either deficient or he was prejudiced by any alleged deficiency, Curtis has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Federal habeas relief is therefore unavailable. *Richter*, 562 U.S. at 101.

##### 1.  Petitioner's first claim is time-barred.

Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner argues that his limitations period should not start until March 31, 2014, when his community supervision was revoked and his guilt was adjudicated.  (DE 16).  However, his first claim for relief challenges the voluntariness of his guilty plea which led to his placement on deferred adjudication in the first place.  (DE 1, 2).  Although an order of deferred adjudication is not a judgment under Texas law, the Fifth Circuit has found that it is a judgment under relevant federal law, including AEDPA's statute of limitations.  *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (finding a state court order of deferred adjudication community supervision was a final judgment for purposes of triggering the federal habeas limitations period).  Thus, the statute of limitations for challenging the original guilty plea began to run when the trial court's order deferring adjudication "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Following his plea of guilty, Curtis was placed on deferred adjudication on September 12, 2011, and did not appeal.  His conviction therefore became final a month later on October 12, 2011, when the time for appealing his judgment and sentence expired.  *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).  As a result, the limitations period under § 2244(d) for filing his federal habeas petition expired a year later on October 12, 2012.  Although § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," Curtis's state habeas petitions have no tolling effect on the limitations period because they were not filed until the beginning of 2016, well after the one-year statute of limitations expired.  *Scott v. Johnson*, 227 F.3d 260, 263

(5th Cir. 2000). Consequently, Curtis's § 2254 petition, filed on August 25, 2016—over three years and nine months after the limitations period expired—is untimely, and relief is barred under the AEDPA.

Curtis has not provided any reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In his reply to the Respondent's Answer, Curtis does not assert any extraordinary circumstance prevented him from filing earlier; instead, he contends that the limitations period should not start until the adjudication of his guilt in March 2014. (DE 16 at 1-2). But Curtis's ignorance of the appropriate law and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Moreover, "[e]quity is not intended for those who sleep on their rights." *Manning v. Epps*. 688 F.3d 177, 183 (5th Cir. 2012). Because Curtis failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his first claim is untimely and barred by § 2244(d)(1).

### 2. Petitioner has not shown that his guilty plea was involuntary.

A voluntary guilty plea waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). This includes

9

errors of constitutional dimension. *United States v. Broce*, 488 U.S. 563, 573-74 (1989). Thus, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Curtis's plea was a voluntary and intelligent choice. Curtis signed the "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions" (DE 11-2 at 26-29) stating he waived his constitutional rights associated with a trial freely and voluntarily and he understood the consequences of his waiver. In this document Curtis stated that he understood the court's admonishments and that he was satisfied with the advice and representation by his attorney. Curtis also signed the plea bargain along with a stipulation of evidence and judicial confession where he again indicated that he understood the court's admonitions, was aware of the consequences of his plea, and that he plea was voluntarily given. (DE 11-2 at 30-34).

Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Petitioner's signature on the guilty plea documents is prima facie proof of the validity of the plea. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994). "The subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Curtis has not provided any evidence or argument that would overcome this strong presumption.

Nor has he established that his counsel rendered ineffective assistance and counsel's actions compelled him to plead guilty. The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland*, 466 U.S. at 668). Again, the petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d at 206 (citations omitted). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.

Petitioner asserts that his plea was involuntary because his trial attorney, Deborah Burke, initially turned down a plea offer to simple robbery without his permission. Aside from the fact that such an allegation does little to establish that Curtis's actual guilty plea (as opposed to the alleged proffer for a lesser offense) was involuntary, it is also controverted by the record in this

11

case. The plea bargain signed by Curtis indicates the State offered a punishment of ten years imprisonment and a $1,500 fine for the felony offense of aggravated robbery which had a potential range of punishment from five to ninety-nine years. (DE 11-2 at 26-29). There is nothing in the record to suggest that Ms. Burke was offered, and rejected, a plea for simple robbery. In fact, it suggests the opposite. In an affidavit submitted to the trial court during Curtis's state habeas proceedings, Ms. Burke stated she never had a discussion concerning a plea to robbery as opposed to aggravated robbery, much less was offered such a plea. (DE 11-18 at 258). Thus, Curtis's conclusory allegation is insufficient to raise a constitutional claim. *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Regardless, even assuming counsel was deficient, Curtis still cannot show he would not have pleaded guilty to aggravated robbery and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. The record is silent as to whether Curtis would have made the decision to plead not guilty and go to trial had he been informed of a previous plea offer for simple robbery. However, the record does indicate that in signing the waiver and stipulations of the trial court, Curtis understood the charges against him, admitted he committed the offense of aggravated robbery, the plea was in his best interest, and he was satisfied with the advice of counsel. (DE 11-18 at 257). Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Curtis failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find that Curtis entered into his plea voluntarily, knowingly, and intelligently. Moreover, Curtis completely failed to prove that, but

for his attorney's actions, he would have chosen to proceed to trial.  Petitioner has therefore failed to establish a claim of ineffective assistance of counsel.  *Hill*, 474 U.S. at 58.  Accordingly, federal habeas relief must be denied because Petitioner fails to meet his burden of proof under the AEDPA.  28 U.S.C. § 2254(d).

**B.     Curtis's IATC Claims Regarding the Revocation Proceeding (Claim 2).**

In his second claim for relief, Curtis alleges that his attorney, Deborah Burke, was ineffective both before and during his March 24, 2014, revocation hearing.  Specifically, Curtis asserts counsel failed to: (1) investigate the facts and speak to witnesses, (2) interview him about the facts of the case, and (3) seek a continuance to allow more time to prepare a defense.  Similar to his previous claim, these allegations were rejected by the state court during Curtis's state habeas proceedings.  (DE 11-15).  Because Curtis has not shown this rejection on the merits to be contrary to, or an unreasonable application of, the *Strickland* standard, federal habeas relief is unwarranted.  *Richter*, 562 U.S. at 101.

To start, the record contradicts Curtis's assertions concerning counsel's pre-hearing investigation and preparation.  At the request of the trial court, counsel submitted an affidavit during Curtis's state habeas proceedings responding to the allegations of ineffective assistance.  In part, counsel stated she had "reviewed all reports, photos, witness statements, and discussed the facts with [Curtis] and [his] wife."  (DE 11-18 at 258-59).  This uncontroverted affidavit, which was found credible by the trial court and is therefore entitled to a strong presumption of correctness, is itself evidence that counsel's pre-hearing investigation and preparation fell "within the wide range of reasonable professional assistance."  *Feldman*, 695 F.3d at 378.  However, counsel's "rigorous defense" (DE 11-18 at 258) at the hearing is perhaps even more persuasive.  In spite of her belief that the state had not provided proper notice of the charges

13

against her client, Ms. Burke successfully persuaded the state to abandon an assault charge at the outset of the hearing.[1] She also extensively cross-examined the state's two witnesses, and called three witnesses, including Curtis himself, to testify. In light of the record demonstrating counsel's thorough representation, the Court finds Curtis's allegations that counsel failed to prepare or present a "meaningful defense" to be conclusory and baseless. *See Beazley v. Johnson,* 242 F.3d 248, 270 (5th Cir. 2001) (self-serving and conclusory allegations will not support federal habeas relief).

Furthermore, even if counsel's performance can somehow be considered deficient for the reasons stated in Curtis's petition, there still is no reasonable probability that the alleged errors would have affected the outcome of his revocation hearing. *Strickland*, 466 U.S. at 694. Again, Curtis must establish that the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. This Curtis has failed to do, as he has not pointed to any evidence that would lead reasonable jurists to believe that he did not commit either of the underlying offenses—criminal trespass and tampering with evidence—that led to the revocation of his community supervision. Thus, because the state court's rejection of Curtis's IATC claims was clearly reasonable, deference must be accorded to the determination and federal habeas relief denied.

### IV. Motion to Stay

In a separate motion (DE 10), Curtis requests that this Court stay and abate these proceedings to allow him to return to state court to present new claims centered around an unexhausted affidavit that purportedly will prove him innocent of the criminal trespass charge.

---

[1] Curtis contends that this alleged lack of proper notice should have prompted counsel to seek a continuance. But in light of the fact that counsel was clearly prepared for the hearing, Curtis fails to demonstrate that such a continuance was necessary or would have been granted. *See Koch*, 907 F.2d at 527 (stating "counsel is not required to make futile motions or objections.").

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Although AEDPA did not deprive district courts of that authority, the statute did circumscribe their discretion by requiring that the decision to issue a stay be compatible with the purposes of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Thus, a stay is available "only in limited circumstances." *Id.* Specifically, in order to grant a stay of the proceedings, the Supreme Court held that (1) the district court must determine "there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) regardless of good cause, an abuse of discretion would occur if the district court granted a petitioner a stay "when his unexhausted claims are plainly meritless"; and (3) a stay should not be granted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. Curtis does not fall within these "limited circumstances."

Curtis wishes to return to state court to exhaust claims of actual innocence and withholding of evidence regarding the affidavit of Tryphosa Baldwin (DE 7), a former resident of the apartments where Curtis was arrested. Curtis contends that this witness could establish his innocence by contradicting testimony given at the hearing, as the affiant states that she does not know who Curtis is and therefore could not have assisted the apartment manager in identifying Curtis for purposes of being given a warning not to trespass. But Curtis has provided no reason why this affidavit, as well as the accompanying claims, could not have been presented to the state court during his original state habeas proceedings. Indeed, Curtis appears to fault his trial counsel for not speaking with or calling Ms. Baldwin as a witness, which indicates this evidence could have been obtained well before his state habeas proceedings. As such, Curtis cannot establish "good cause" under the *Rhines* standard.

Moreover, an abuse of discretion would occur if this Court granted a stay because the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277. Because Curtis failed to properly raise the claims in his prior state habeas proceedings as required by 28 U.S.C. § 2254(b)(2), they are subject to dismissal as unexhausted and procedurally defaulted under Supreme Court and Fifth Circuit precedent. As the Fifth Circuit recently explained,

> Failure to exhaust state remedies and state procedural default are related but distinct concepts. If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright. A claim is both unexhausted and procedurally defaulted where "the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred...."

*Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016) (*quoting Kittelson v. Dretke,* 426 F.3d 306, 315 (5th Cir. 2005)). Thus, although the normal rule is that a claim is procedurally barred from federal review only when the last state court to consider the claim expressly and unambiguously applied a state procedural bar, such a rule does not apply to cases where a petitioner has failed to exhaust state remedies and the state court to which he would be required to present the claim would now find the claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Here, even if Curtis were given another opportunity to return to state court, there is no question that the Court of Criminal Appeals would dismiss any application as successive pursuant to Texas Code of Criminal Procedure Article 11.07, § 4 of the Texas Code of Criminal Procedure. The Fifth Circuit has consistently held that where a petitioner raises claims in federal court that have not previously been presented to the state courts, and Article 11.07 § 4 would apply to foreclose review of the claims if presented in a successive state habeas application, such

16

is an adequate state procedural bar foreclosing federal habeas review of the claims. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same). Any new claims Curtis wishes to present would therefore be procedurally defaulted. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992) (holding that an unexhausted claim is procedurally defaulted for federal habeas purposes if the claim would now be procedurally barred by the state court); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001) (same).

As a result, Curtis is precluded from federal habeas review of his new claims unless he can show cause for the default and resulting prejudice, or demonstrate that the court's failure to consider his claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51; *Barrientes v. Johnson,* 221 F.3d 741, 758 (5th Cir. 2000). Curtis has made no attempt to demonstrate cause and prejudice for his failure to raise these claims in state court. Nor has he made any attempt to demonstrate that the Court's dismissal of these claims will result in a "fundamental miscarriage of justice." Consequently, because the new claims were clearly available during his state habeas proceeding but not properly asserted, the procedurally defaulted claims are considered meritless under the *Rhines* standard. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding that a procedurally barred claim is "plainly meritless" under *Rhines*). The motion to stay and abate these proceedings is therefore denied.

## V. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322,

335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Curtis was not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, Curtis's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Troy Curtis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (DE 1) is **DISMISSED WITH PREJUDICE**;

2. Petitioner's motion for a stay and abeyance (DE 10) is **DENIED**;

2. No Certificate of Appealability shall issue in this case; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 9th day of March, 2017.

_____
David Alan Ezra
Senior United States Distict Judge